IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 05-51-GMS |
| | ) Criminal Action No. 05-80-GMS |
| MICHAEL J. ANDERSON | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and ~~Anne Y. Park~~ Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and the defendant, Michael J. Anderson, by and through his attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to all eight counts of the Indictment in Criminal Action No. 05-51-GMS. Counts One through Four of the Indictment charge the defendant with Hobbs Act Robbery, in violation of Title 18, United States Code, Section 1951. Each count of Hobbs Act Robbery carries a maximum sentence of 20 years incarceration, a fine of $ 250,000, 3 years supervised release, and a mandatory special assessment of $100. Counts Five through Eight of the Indictment charge the defendant with Bank Robbery, in violation of Title 18, United States Code, Section 2113(a). Each count of Bank



FILED

AUG 30 200[ ]

U.S. DISTRICT CO[URT]
DISTRICT OF D[ ]

Robbery carries a maximum sentence of 20 years incarceration, a fine of $ 250,000, 3 years supervised release, and a mandatory special assessment of $100.

    2.    The defendant shall waive indictment, waive venue, and plead guilty in the United States District Court for the District of Delaware to Count One of the Information in Criminal Action No. 05-__80__. Count One charges the defendant with Bank Robbery, in violation of Title 18, United States Code, Section 2113(a), which carries a maximum sentence of 20 years incarceration, a fine of $ 250,000, 3 years supervised release, and a mandatory special assessment of $100.

    3.    The defendant understands that the sentences on the nine counts to which he is pleading guilty could be imposed consecutively to one another. The defendant further understands that he may be ordered to pay restitution to the victims of these offenses as part of his sentence.

    4.    The defendant understands that the elements of the offenses for the charges to which he is pleading guilty are:

Counts One through Three of Criminal Action No. 05-51-GMS -- that on or about each of the dates specified in Counts One through Three of the Indictment, (1) the defendant knowingly obtained or took the personal property of another, or from the presence of another; (2) the defendant took this property against the victim's will, by actual or threatened force, violence, or fear of injury, whether immediately or in the future; and (3) as a result of the defendant's actions, interstate commerce, or an item moving in interstate commerce, was delayed, obstructed, or affected in any way or degree.

Count Four of Criminal Action No. 05-51-GMS -- that (1) on or about January 24, 2005, the defendant knowingly attempted to obtain or take the personal property of another, or from the presence of another; (2) the defendant attempted to take this property against the

victim's will, by actual or threatened force, violence, or fear of injury, whether immediately or in the future; and (3) interstate commerce, or an item moving in interstate commerce, would potentially or probably have been delayed, obstructed, or affected in any way or degree had the defendant successfully and fully completed his actions.

Counts Five through Eight of Criminal Action No. 05-51-GMS and Count One of Criminal Action No. 05-80 -- that on or about each of the dates specified in Counts Five through Eight of the Indictment and Count One of the Information, (1) the defendant took money from the person or presence of a bank employee while that money was in the care, custody, or possession of each of the banks named in the relevant counts of the Indictment and Information; (2) the taking was by intimidation; and (3) the deposits of each of the banks named in the relevant counts of the Indictment and Information were then insured by the Federal Deposit Insurance Corporation.

5. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction under USSG § 3E1.1(a), and if the defendant's offense level is determined to be level 16 or greater, the United States agrees to an additional 1 level reduction under USSG § 3E1.1(b) based on the defendant's conduct to date.

6. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the government will recommend that the Court impose a sentence consistent with the sentencing

range set forth by the Sentencing Guidelines. The defendant recognizes that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney.

7. The defendant agrees to pay the $900 special assessment on the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____  
Christopher Koyste, Esquire  
Attorney for Defendant

COLM F. CONNOLLY  
United States Attorney

By: _____  
~~Anne Y. Park~~ Edmund Falgowski  
Assistant United States Attorney

8-30-05

_____  
Michael J. Anderson  
Defendant

Dated: 7-20-05

AND NOW, this 30th day of August, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____  
HONORABLE GREGORY M. SLEET  
United States District Judge  
District of Delaware